## Commonwealth v. Minet

*Martin B. Ebbert,* for Commonwealth.
*Herbert B. Cohen,* for defendant.

SHERWOOD, P. J., March 23, 1948.—This case is before the court on an appeal from the sentence of Alderman H. Gellard Fickes in which he imposed a fine of $50 or be committed to the York County prison for a period of 30 days in a summary conviction proceeding for the violation of sections 1, 6, 43 and 66 of the Act of June 7, 1901, P. L. 493, as amended, which act is the Plumbing Code of the Commonwealth of Pennsylvania. Defendant paid the fine under protest and in due course appealed to the Court of Quarter Sessions of the Peace of York County, Pa. York is a city of the third class having a sewerage system.

The testimony at the hearing de novo disclosed no violation of sections 1, 43 and 66. The case, therefore, turns on section 6 of said act, which provides as follows:

"It shall be the duty of every person constructing or owning any drain, soil-pipe, passage or connection, between a sewer and any ground, building, erection or place of business, and in like manner the duty of the owners of all grounds, buildings, erections, and of all parties interested therein or thereat, to cause and require that such drain, soil-pipe, passage or connection, shall be adequate for its purpose, and shall at all times allow to pass freely all material that enters or should enter the same; and no change of drainage, sewerage or the sewer connections of any house shall be permitted, unless notice thereof shall have been given the board or bureau of health, and assent thereto obtained in writing."

The testimony offered by the plumbing inspector of the City of York shows that in 1940 defendant obtained a permit from the Department of Health of the City of York to install certain plumbing fixtures in his property located on the southeast corner of Queen Street and Springettsbury Avenue in the City of York. The plumbing inspector inspected the installation after these fixtures were installed. On March 3, 1947, the same plumbing inspector again made an inspection of the same premises and found that plumbing fixtures had been moved approximately 10 feet from their original location. The records at city hall regarding plumbing and permits for plumbing, which records are in the custody of the plumbing inspector, show that no permit had been issued for plumbing work on these premises by any one subsequent to the permits hereinfore referred to which were issued in 1940. The plumbing inspector further testified that the fixtures had been recently installed, some of them within the last two weeks prior to his inspection of March 3, 1947. The

plumbing inspector further testified, and it was admitted by defendant, that defendant is and was at the time of the inspections the owner of the premises inspected. Defendant offered no testimony.

Counsel for defendant asks for a directed verdict of acquittal on the ground that the act imposes no responsibility upon the owner of the premises and that since the Commonwealth produced no testimony to show that defendant himself changed the location of the fixtures, he cannot be found guilty. Section 6 of the act above quoted clearly imposes duties upon "every person constructing or owning any drain, soil-pipe, passage or connection" and "the owners of all grounds, buildings, erections, and of all parties interested therein or thereat". A duty is, therefore, imposed upon defendant as the owner of this building to see that no change of drainage, sewerage or sewer connections should be made on his property unless the notice required by the act had been duly given. To decide otherwise would permit an easy evasion of the provisions of section 6 because innumerable opportunities exist to change plumbing within a house or other building when no one else is present to observe the acts. If the owner of the building cannot be held responsible for changes which he is bound to know are being made, enforcement of the act would be practically impossible. While impossibility of enforcement is, in itself, not a ground on which the court could or should, uphold the validity of an act of assembly, it does have a bearing on determining the intent of the legislature in drawing the act. The language of the act, in our opinion, includes owners and places the duty on the owner of notifying the board of health whenever changes are made in the drainage, sewerage and sewer connections of his property, it being an act passed to protect the public health; failure to do this, in our opinion, is a violation of the act.

Counsel for defendant asks for a directed verdict of acquittal on the further grounds that the testimony does not show that the change was made within the period of the statute of limitations. The plumbing inspector, who testified that he was an experienced plumber of over 29 years, testified that the work had been done recently, some of it within two weeks of the date of his inspection, and that he was able to determine the time when the work was done by the appearance of the joints. Another witness testified that the appearance of the joints was very bright and shiny, and the plumbing inspector testified that the luster finish of the joints would disappear within three or four weeks. This testimony, which was uncontradicted, clearly brings the change in the plumbing fixtures within the period of the statute of limitations.

The third reason assigned by counsel for defendant for a directed verdict of acquittal is that the penalties provided in the act are directed against any person or persons who shall fail to comply with provisions of the act, and does not refer to the person or persons or to the owners. Section 6 of the act places duties upon every person constructing or owning and upon the owners of all grounds, etc., and to decide that the penal provision because it also does not contain the word "owner" does not, therefore, apply to the owner specifically mentioned in section 6, would be to give to the act an unreasonable construction.

The fourth reason assigned by counsel for defendant for a directed verdict of acquittal is that the record does not show that defendant is not a registered plumber. Since the act requires every "person" and "the owners of all ground, buildings", etc., to do certain things whether or not they are registered plumbers, the questions of fact as to whether defendant was or was not a registered plumber is immaterial. If he were a registered plumber, he was required to

give the proper notice under section 6, and if he were not a registered plumber, he was still required to give the same notice under that section.

We find, therefore, that Frank J. Minet is guilty of violating the provisions of section 6 of the Act of June 7, 1901, P. L. 493, as amended, by changing the drainage, sewerage and sewer connections of his property without notifying the board or bureau of health of the City of York and without obtaining the written assent of the board for said changes. Defendant's demurrer is, therefore, overruled.

And now, to wit, March 23, 1948, the sentence of the court is that Frank J. Minet shall pay a fine of $50 to the Commonwealth of Pennsylvania for the uses prescribed by law and the costs of appeal; defendant having paid under protest a fine of $50 imposed by Alderman H. Gellard Fickes, the enforcement of this sentence or decree is limited to the collection of costs on the appeal.